**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

RECEIVED
AUG - 6 2008
LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S.D.N.Y.

Afsaar
Senior
Tel.: (212)
Fax: (212)

August 5, 2008

BY HAND DELIVERY
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/08

Re: Julio Diaz v. The City of New York, et. al.,
08 CV 6399 (LAP) (KNF)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and am the assigned attorney for the City of New York ("City") in this case. I am writing to respectfully request a 60 day enlargement of time, from August 11, 2008 to October 10, 2008 within which the City may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action. Plaintiff has consented to this request.

      We seek this enlargement for several reasons. First of all, in this case, plaintiff alleges that on or about September 11, 2007, he was falsely arrested, maliciously prosecuted and charged with criminal sale of a controlled substance. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. To this end, defendant will need to obtain releases from plaintiff to access the underlying arrest and criminal

---

[1] In addition to the City, plaintiff has named two individual officers, Det. John Licato and UC No. 5016. The docket sheet appears to indicate that they have been served. Without appearing on their behalf or making any representations with respect to service, I also respectfully request that all of the defendants' time to answer or otherwise respond to the complaint also be extended until October 10, 2008.

court records regarding this action. The enlargement of time will therefore afford us the opportunity to investigate the matter.

Another reason why the 60 day enlargement is needed is because in addition to the City, plaintiff has named two New York City police officers. The enlargement will allow us to ascertain whether the individually named defendants have been properly served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the officers. Should the City determine that the officers are eligible for representation by the Corporation Counsel, then the officers must then decide whether they wish to be represented by this office. If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending defendants' time to answer the complaint until October 10, 2008.

Thank you for your consideration in this regard.

Sincerely,

Afsaan Saleem
Senior Counsel

*So ordered*
*Loretta A. Preska USDJ*
*August 7, 2008*

cc: Via Fax
Jon L. Norinsberg
(212) 406-6890

2